**Miller COFFIN, Individually and as Independent Executor of the Estate of Zenna H. Coffin, Appellants,**

v.

**Phyllis H. COFFIN, Appellee.**

*No. 644.*

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 28, 1971.

Sorrell, Anderson, Sorrell & Atwill, Wm. R. Anderson, Jr., Corpus Christi, for appellants.

Edgar H. Eggert, Jr., Mathis, for appellee.

## OPINION

NYE, Chief Justice.

This was a suit brought under the Texas Uniform Declaratory Judgment Act to construe the terms of a will.

Zenna H. Coffin died leaving a will which is being probated in the County Court of San Patricio County, Texas. The appellant Miller Coffin is a substitute independent executor appointed under the will. Under paragraph IV(a) of the will of Zenna H. Coffin, her husband Arthur B. Coffin, was given a life estate in a one-fourth undivided interest in and to a 281.88 acre tract of land. The will further provided:

"* * * and I do hereby give, devise and bequeath the remainder interest in said one-fourth (¼) undivided interest in said 281.88 acre tract of land unto my dearly beloved son, ROLLO L. COFFIN, to have and to hold in fee simple forever, such remainder interest herein devised to ROLLO L. COFFIN to take effect upon the termination of the life estate herein devised to ARTHUR B. COFFIN. * * *"

Paragraph IV(b) likewise gave a life estate to the testatrix' husband Arthur B. Coffin in one-third of 406.56 acres of land. Said will contained the following provision:

"* * * and I do hereby GIVE, DEVISE and BEQUEATH the remainder interest in said one-third (⅓rd) undivided interest in said 406.56 acre tract of land to my four (4) children, ROLLO L. COFFIN, MAXINE COFFIN COUSER, WILLIAM A. COFFIN and MILLER G. COFFIN, in equal shares, to have and to hold in fee simple forever, such remainder interest herein devised to take effect upon the termination of the life estate herein devised to ARTHUR B. COFFIN. * * *"

The testatrix' son, Rollo H. Coffin, is dead, having predeceased Arthur B. Coffin, the testatrix' husband who is still living. Phyllis H. Coffin, the appellee, was the wife of Rollo L. Coffin. The appellants are children of the testatrix and Arthur B. Coffin. There were no living children or grandchildren of Rollo L. Coffin. The residuary clause of the will provided that the testatrix' children should take all of the remainder. This paragraph, IV(c) states:

I give, devise and bequeath all the rest, residue and remainder of my real property and estate, both separate and community and of every kind and character and wheresoever same may be situated, unto my beloved four (4) children, ROLLO L. COFFIN, MAXINE COFFIN COUSER, WILLIAM A. COFFIN and MILLER G. COFFIN, in equal interests, share and share alike, to have and hold in fee simple forever."

Appellants contend that the trial court erred in finding that there was no ambiguity in the will of Zenna H. Coffin and that the trial court erred in finding that under the terms of the will of Zenna H. Coffin, deceased, Rollo L. Coffin, received a vested remainder interest in the property devised to the said Rollo L. Coffin under said will. All of the parties agree that the sole question before this Court is whether or not the interest in the land devised to Rollo L. Coffin constituted a vested or contingent remainder interest.

Appellants argue that if the draftsman had omitted the words "such remainder interest herein devised to take effect upon the termination of the life estate herein devised to ARTHUR B. COFFIN", there would have been no question that Rollo L. Coffin would have taken a vested remainder. However, with the words modifying the otherwise vested grant to Rollo L. Coffin, appellants earnestly submit that Rollo L. Coffin received only a contingent remainder under the will.

The rule as to vested and contingent remainders has been laid down by the Supreme Court in Guilliams v. Koonsman,

154 Tex. 401, 279 S.W.2d 579 (1955). The Court stated:

"While it has been said that 'The law favors the vesting of estates at the earliest possible period, and will not construe a remainder as contingent where it can reasonably be taken as vested', Caples v. Ward, 107 Tex. 341, 179 S.W. 856, 858, nevertheless, when the will makes survival a condition precedent to the vesting of the remainder, it must be held to be contingent. In 36 Tex.Jur., Remainders and Reversions, § 7, p. 877, it is said: 'The contingency upon which vesting or ownership is dependent may be the survival of the named taker at the time when the grant or devise is limited to take effect in possession or it may be another event the happening of which is uncertain.' See also 33 Am.Jur. 535; Powell on Real Property, Vol. 2, § 278, p. 474 and § 328, p. 721. The rule for determining whether a remainder is vested or contingent is thus stated by Gray in his work on The Rule Against Perpetuities: 'If the conditional element is incorporated into the description of, or into the gift to the remainder-man, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested'. 3d Ed., § 108(3), page 85. See also In re Roe's, 281 N.Y. 541, 24 N.E.2d 322, 131 A.L.R. [707] 712, et seq. The rule as thus stated has been approved and adopted by the courts of this state. Jones v. Hext, Tex.Civ.App., 67 S.W.2d 441, 444, writ refused; Rust v. Rust, Tex.Civ.App., 211 S.W.2d 262, 266, opinion approved, 147 Tex. 181, 214 S.W.2d 462. * * *"

The condition of survival was incorporated into the gift to Koonsman's child or children. This is evident from the language of the will which provided that:

"I give and devise to my son, Alvin Koonsman, all of my undivided interest in all of the remainder of my real property situated in Scurry County, Texas, which I may own at the time of my death, and to his child or children if any survive him, and in the event of Alvin's death without issue surviving him, then to my son and daughter, Jesse J. Koonsman and Mrs. Cora Guilliams, share and share alike, and to their heirs and assigns forever."

The above-quoted phrase in the Koonsman will is clearly distinguishable from the phrase in the Coffin will. The provision "to take effect upon the termination of the life estate herein devised to ARTHUR B. COFFIN" follows the phrase "to have and to hold in fee simple forever." This does not make the interest contingent, but merely postpones the use and enjoyment of the remainderman's interest until after the death of the life tenant Arthur B. Coffin. The questionable phrase which appellants say divests Rollo L. Coffin of his otherwise vested interest in the land, follows the absolute granting of the fee simple interest to him. It is not incorporated into the description of, or into the gift to the remainderman, Rollo L. Coffin. See Anderson v. Menefee, 174 S.W. 904 (Tex.Civ.App.—Ft. Worth 1915, err.ref.) and Jones v. Hext, 67 S.W.2d 441 (Tex.Civ.App.—Amarillo 1933, err.ref.).

As early as 1853 the Texas Supreme Court in Bufford v. Holliman, 10 Tex. 560 (Tex.Sup.1853), defined a vested remainder as:

"an immediate right of present enjoyment or a present fixed right of future enjoyment. A grant of an estate to A for life, and, after his death, to B in fee, is a fixed right of future enjoyment in B, and is, consequently, a vested remainder. 4 Kent 201."

In Bufford the testator bequeathed certain property to his wife "during her natural life, and at her death to 'become the property of my own children, as well as of Alfred, my wife's son'." The Court concluded that: " * * * the remainder to his own children and to his step-son was vested at the death of the testator, and did

not remain in contingency until the death of the tenant for life. The use of the expression, to become the property of the remainderman after the death of Amelia, (the wife) did not it is conceived, hold it in contingency until that death." (at page 286)

The Texas Supreme Court held in Chadwick v. Bristow, 146 Tex. 481, 208 S.W.2d 888 (1948) that such language in a will which states that: "* * * after the death of such survivor it is our will and the following described property shall pass to and vest in the following persons, to-wit:" (naming certain persons), clearly imports under a practical unanimity of decision, an immediate indefeasible vesting of the property, with postponement of the use and enjoyment until after the death of the survivor.

A similar provision to the one involved before us was considered in Rust v. Rust, 211 S.W.2d 262 (Tex.Civ.App.—Austin 1948, Court of Civil Appeals opinion approved and affirmed, 147 Tex. 181, 214 S. W.2d 462, 1948). In the Rust case a trust was to terminate at a certain time with the property that was left in trust to "vest in fee simple in my daughter, Margene A. Rust, free of any restrictions whatsoever." In discussing whether the daughter's interest had vested, the Court noted that the language employed in this trust, is that usually found in instruments creating remainders universally held to be vested, and not contingent. The Court gave this example: "A devise by A to B for life with remainder at his death to C creates a vested remainder in C upon the death of A, subject to B's life estate. The use of *at his death* or *words of similar import* denote the time when the right of possession and enjoyment of the estate begins, and not the time when the estate in remainder vests." (emphasis supplied)

Similar problems created by similar language have given rise to litigation in other jurisdictions for many years. What has been said by our Texas Courts has been acknowledged in many other jurisdictions as the majority rule. The problem before us is not a new problem in will construction. Half a century ago the Iowa Supeme Court made mention of the problem that existed then which is most appropriate today. Speaking about vested remainders and the language that tends to create similar vexing situations, the Court recognized the almost universal solution. It said:

"That such a gift or devise creates a vested remainder, and that the death of the life tenant is mentioned, not as the date when the remainderman's interest vests, but as the date to which his right of possession and enjoyment is postponed, is the holding of practically every authority dealing with this question. If there be any one proposition in the law of remainders which may be regarded as settled it is the one here stated. While, for example, a devise in so many words 'to A., with remainder over to B.,' and no more, is all that is necessary to create a life estate and vested remainder, yet it is the inveterate tendency and habit of nearly every scrivener in preparing a will to first state the devise of the life estate in more or less specific terms, following which is a devise of the same property to the remainderman 'on the death', or 'at the death', or 'after the death' of the life tenant, or other words of similar import. To say that such an expression has the effect of suspending the vesting of the remainder until the death of the life tenant is to revolutionize the accepted canons of construction, and to make contingent remainders the rule and vested remainders the rare exception." Dowd v. Scally, 174 N.W. 938, 940 (Iowa Sup.Ct.1919).

It has always been a general rule of construction in will cases that if there is any doubt as to whether a remainder was vested or contingent, the doubt would be resolved in favor of the vesting of the remainder as being in account with public interest. Rust v. Rust, supra; Crowley v. Vaughan, 347 S.W.2d 12 (Tex.Civ.App.—

San Antonio 1961, wr. ref.); Rekdahl v. Long, 417 S.W.2d 387 (Tex.Sup.1967).

We have reviewed the will in its entirety. There is absolutely no question in our minds that the intent of the testatrix was for Rollo L. Coffin to have a vested interest in the property involved. In paragraph IV(a) she went on to provide that in the event that her husband predeceased her, the interest in the 281.88 acres would go "to my said son, ROLLO L. COFFIN, his heirs and assigns, to have and to hold in fee simple forever.". Her intent that the interest in the land should vest is even more evident by the fact that she provided further that in the event that her husband Arthur B. Coffin and her son Rollo L. Coffin should both predecease her, the interest in the said land should go "to PHYLLIS COFFIN, (appellee here) the wife of ROLLO L. COFFIN, if living, otherwise to the child of said ROLLO L. COFFIN to have and to hold in fee simple forever; * * *"

 There was a clear intent by the testatrix to fully dispose of her interest in the land. In determining the construction of a will, resort may be made to all of the provisions of the will as a whole, and to the surrounding circumstances rather than taking a particular or isolated provision where the intentions might not be clearly expressed. Haile v. Holtzclaw, 414 S.W.2d 916 (Tex.Sup.1967); Carr v. Rogers, 383 S.W.2d 383 (Tex.Sup.1964). Other provisions of the will likewise express this clear intent of the testatrix. For instance the 281.88 acre tract mentioned in IV(a) was owned in undivided interests, ¼th in the Testatrix, ¼th in her husband and ½ in Rollo L. Coffin, who took the testatrix' ¼th interest under the will, subject to the life estate in the husband, the other fee owner. This was a natural bequest under the circumstances. See Guilliams v. Koonsman, supra and Darragh v. Barmore, 242 S.W. 714 (Tex.Com.App.1922). We do not believe that the testatrix intended to make survival of Rollo L. Coffin, her son,

a condition precedent to the vesting of this estate.

We hold that the will of the testatrix devised a vested remainder interest in the lands to Rollo L. Coffin as found by the very able trial judge. Appellants' points are overruled.

Judgment of the trial court is affirmed.

SHARPE, J., not participating.