**Larry Ray EVERSOLE, Gregory Dean Eversole, Judy Belle Eversole Stevens, Dusty Dale Eversole Thomas, heirs of Dalton Eversole (deceased), Appellants,**

v.

**Diedri M. WILLIAMS, Appellee.**

No. 01–95–01011–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 27, 1997.

---

Neal Y. Pickett, Houston, for Appellants.

Charles E. Fitch, Ben A. Baring, Jr., Houston, for Appellee.

Before MIRABAL, HEDGES and HUTSON–DUNN,[1] JJ.

## OPINION

MIRABAL, Justice.

This is an appeal of a summary judgment in a declaratory judgment action seeking construction of a real property deed. We affirm.

The deed in question, dated November 5, 1933, covers approximately 75 acres in Fort Bend County. Frank Sitta, Sr. and Veruna Sitta signed the deed as grantors, naming their daughter, Sophie Sitta Eversole, as grantee. The deed reads in relevant part:

> THAT WE, Frank Sitta, Sr. and Veruna Sitta ... for and in consideration of the sum of two thousand ten and no/100 Dollars ($2010.00)....
>
> HAVE GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto the said Sophie Sitta Eversole ... all that certain parcel or tract of land ... in Fort Bend County, Texas....
>
> The property herein above described and conveyed is conveyed subject to the following conditions and reservation:
>
> CONDITION: The said Mrs. Sophie Sitta Eversole, our daughter shall receive and enjoy all the income from said land during her natural life and shall have full control thereof, except that she shall never sell the above-described land. It is specially proved, [sic] however, that the said property herein conveyed, shall after the death of our daughter, Mrs. Sophie Sitta Eversole, pass to and vest in fee simple to her

> children, and her children shall enjoy and use all the income therefrom, and the property shall not become transferable and salable and shall remain undivided until the youngest child of Mrs. Sophie Sitta Eversole shall have arrived at maturity, after which it shall become transferable and salable and the said children shall have the right and power to give a good and valid title to said land, and to dispose of same as they may see fit without any reservation.

At the time of the conveyance, the grantee, Sophie Sitta Eversole, was married to Larkin Eversole and had three children: two sons, Wesley Eversole and Dalton Eversole, and one daughter, Maddie Eversole Skinner. Wesley Eversole died on December 5, 1958, leaving his estate one-quarter each to his mother, father, brother Dalton, and sister Maddie. Larkin Eversole died in 1972, leaving his entire estate to his wife, Sophie. Maddie Eversole Skinner died intestate on November 11, 1991. Maddie's only child, Diedri Williams, inherited Maddie's property by intestacy.

Sophie died on January 2, 1994, leaving her estate one-half to Dalton and one-half to Maddie with the provision that if either should predecease her, the deceased child's portion should pass to their issue, per stirpes. Dalton Eversole died December 4, 1994, leaving a will devising all of his interest in the 75–acre tract of land in Fort Bend County to his four children: Judy Bell Stevens, Dusty Dale Thomas, Gregory Dean Eversole, and Larry Ray Eversole.

On May 20, 1994, prior to his death, Dalton Eversole filed a petition for declaratory judgment requesting the court to construe the deed covering the 75 acres. He specifically requested in his petition that the court enter a declaratory judgment that the deed created a life estate in Sophie Eversole, that the interest of Sophie's children did not vest until Sophie's death, and that the property passed to the *surviving* child of Sophie Eversole, Dalton Eversole being the only one.

---

1. Justice Hutson–Dunn retired from the First Court of Appeals after submission of the case, but before the opinion issued. Justice Hutson–Dunn continues to sit on this case by assignment.

Appellee Diedri Williams, the only child of Sophie's daughter Maddie, filed a motion for summary judgment asserting as grounds (1) that the deed contained an unenforceable restraint on alienation causing a fee simple interest to be conveyed, rather than a life estate, entitling her to a one-half interest in the 75–acres in Fort Bend County through her grandmother Sophie's will; and (2) alternatively, that if a life estate was created, the remainder interests to Sophie's children were vested in 1933 at the time of the execution of the deed, entitling Diedri to a one-half interest in the 75 acres as a result of the various wills (her uncle Dalton having the other one-half interest). Diedri requested in her motion for summary judgment that the declaratory relief sought by her uncle Dalton be denied and that a judgment be entered declaring that she is the owner of an undivided one-half interest in the 75 acres.

On April 25, 1995, the trial court granted Diedri's motion for summary judgment. The court declared that the heirs of Dalton collectively own an undivided one-half interest in the land, and Diedri owns an undivided one-half interest in the land. The heirs of Dalton have appealed.

In two points of error, Dalton's heirs assert it was improper to grant the motion for summary judgment because neither of the two grounds for summary judgment had merit.

Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). If the trial court's order does not state the grounds on which summary judgment was granted, this court will affirm the summary judgment if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 378 (Tex.1993). The summary judgment in the present case does not specify the ground on which it was granted.

The primary duty of the courts in interpreting a deed is to ascertain the intent of the parties, as expressed within the four corners of the instrument. *Altman v. Blake*, 712 S.W.2d 117, 118 (Tex.1986); *White v.*

*White,* 830 S.W.2d 767, 769 (Tex.App.— Houston [1st Dist.] 1992, no writ). In seeking to ascertain the intention of the parties, the court must attempt to harmonize all parts of a deed, since the parties to an instrument intend every clause to have some effect and in some measure to evidence their agreement. *Altman,* 712 S.W.2d at 118.

■ Dalton's heirs assert that a life estate was conveyed to Sophie by the 1933 deed. Diedri likewise asserted as one of her grounds for summary judgment that a life estate was conveyed to Sophie by the deed. We agree that the deed conveyed only a life estate interest to Sophie, not fee simple title.

■ Generally, a life estate is created by a deed or will where the language of the instrument manifests an intention on the part of the grantor or testator to pass to a grantee or devisee a right to possess, use, or enjoy property during the period of her life; no particular form of words is necessary to create a life estate. *Trimble v. Farmer,* 157 Tex. 533, 305 S.W.2d 157, 160 (1957); *Smith v. Smith,* 305 S.W.2d 198, 200 (Tex.Civ. App.—El Paso 1957, writ ref'd n.r.e.). The deed in the present case states that Sophie "shall receive and enjoy all the income from said land during her natural life and shall have full control thereof ... however ... the said property herein conveyed, shall after the death of ... Sophie ... pass to and vest in fee simple to her children." Sophie received a life estate, with the remainder to her children.

■ The main issue in this case is: When did Sophie's children's remainder interests vest? Dalton's heirs argue that the remainder interests did not vest until Sophie's death, and at that time, as Sophie's sole surviving child, the heirs' father, Dalton, acquired 100% of the title to the land. In contrast, Diedri argues that the remainder interests vested at the time of the 1933 deed, that Sophie had three children in 1933, and therefore each acquired a one-third remainder interest. We agree with Diedri.

■ A remainder is vested where there is a person in being who would have an immediate right to possession on the termi-

nation of the intermediate estate. *Trimble*, 305 S.W.2d at 160. The law favors the vesting of estates at the earliest possible period, and will not construe a remainder as contingent where it can reasonably be taken as vested. *Id*; *Coffin v. Coffin*, 472 S.W.2d 562, 564–65 (Tex.Civ.App.—Corpus Christi 1971, no writ). Under general rules, remainders to children of life tenants vest at the time of the conveyance, subject only to opening to allow for the equal interest of children later born. *Houston v. Harberger*, 377 S.W.2d 673, 678 (Tex.Civ.App.—Fort Worth 1964,, writ ref'd n.r.e.).

In the present case, the deed does not make survival of their mother a condition precedent to the vesting of the remainder in Sophie's children. The death of the life tenant, Sophie, is mentioned in the deed not as the date when the remainder interests vest, but as the date to which the remaindermen's right of possession and enjoyment is postponed. Under settled law, Sophie's children's remainder interests vested at the time of the 1933 deed. *See Coffin*, 472 S.W.2d at 565.

Accordingly, Diedri's second ground for summary judgment was meritorious. We therefore overrule Dalton's heirs' second point of error. It being unnecessary to reach their first point of error, we decline to do so.

We affirm the judgment.