## GREENFIELD HILL INVESTMENTS, L.L.C. as Assignee of Connecticut Savings Bank

v.

## Leigh R. MILLER.

Nos. 2005–188–Appeal, 2006–276–Appeal.

Supreme Court of Rhode Island.

Nov. 7, 2007.

Stephen White, Warwick, for Plaintiff.

William K. O'Donnell, for Defendant.

## O R D E R

This case[1] came before the Supreme Court on September 24, 2007, based on an

---

1. Although two appeal numbers are reflected in this case, only one appeal is before us. On May 9, 2005, defendant appealed from the trial justice's order denying his motion to vacate a judgment (No. 2005–188). This appeal is before the Court. On June 20, 2005, defendant filed a motion to modify the conditions of the stay of execution, and this appeal was designated as No. 2006–276. This issue was resolved by stipulation of the parties on September 30, 2005.

order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After reviewing the parties' memoranda, we conclude that cause has not been shown. For the reasons set forth below, we deny the appeal.[2]

The defendant, Leigh R. Miller (defendant), appeals from an order of the Superior Court that denied his motion to vacate a judgment pursuant to Rule 60(b)(4) and (6) of the Superior Court Rules of Civil Procedure that was rendered in favor of plaintiff, Greenfield Hill Investments, L.L.C. (Greenfield), as assignee of Connecticut Savings Bank. In 1989, defendant obtained a $195,000 mortgage loan from Connecticut Savings Bank. Thereafter, defendant defaulted on the loan, and Connecticut Savings Bank filed a complaint in Superior Court on December 28, 1990. Although defendant filed an answer on November 13, 1991, the record discloses that no action was taken in this case until 2003, when Greenfield, as assignee of the mortgage,[3] sought to add itself as a party plaintiff. On January 6, 2003, Greenfield filed a motion to amend, together with a signed copy of the proposed amended complaint. Greenfield certified that the motion and amended complaint were served on January 3, 2003, upon defendant's attorney of record. Because defendant filed no objection, the motion was granted in accordance with Rule 7(b)(3)v.

of the Superior Court Rules of Civil Procedure.[4]

Subsequently, Greenfield filed a motion for summary judgment that was heard by the Superior Court in March 2003. The defendant's attorney of record appeared and advised the hearing justice that he was unable to contact his client. On May 7, 2003, a judgment was entered for plaintiff in the amount of $139,932.08. No appeal was taken from that judgment; however, nearly two years later, defendant moved to stay execution and vacate the judgment. The motion to vacate the judgment was denied, and an order affirming the summary judgment was entered on May 13, 2005.[5] It is from this judgment that plaintiff appeals.

This Court is called upon to decide the correctness of defendant's contention that plaintiff was required to serve and file a copy of the amended complaint, after the motion to amend was granted.

Our review of a decision denying a Rule 60 motion to vacate a judgment is limited to evaluating the correctness of the order granting or denying the motion, not the correctness of the original judgment. *McBurney v. Roszkowski*, 875 A.2d 428, 435 (R.I.2005). Accordingly, a motion to vacate a judgment is "addressed to the sound discretion of the trial justice, and his or her ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Medeiros v. Anthem Casualty In-*

---

**2.** Oral argument in this case was waived, and this case will be decided on the basis of the parties' memoranda.

**3.** Greenfield obtained its interest on January 24, 2002, from H & S Investment Associates L.L.C., which was then in possession of the said Connecticut Savings Bank mortgage interest.

**4.** Rule 7(b)(3)v. of the Superior Court Rules of Civil Procedure states in pertinent part:

"(3) The following motions shall be deemed to be granted as a matter of course and shall not be placed on the motion calendar unless objection stating the particular ground therefor is served and filed at least 3 days before the time specified for its hearing: * * * v. A motion to amend pleadings under Rule 15."

**5.** The record reflects two summary-judgment orders. We deem the second order, dated May 13, 2005, to be controlling.

*surance Group,* 822 A.2d 175, 178 (R.I. 2003) (quoting *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R.I.1987)).

A hearing justice's decision granting leave to amend a pleading lies within the discretion of the trial justice and is guided by Rule 15(a) of the Superior Court Rules of Civil Procedure. We have interpreted Rule 15(a) to "liberally permit[ ] amendment absent a showing of extreme prejudice." *Granoff Realty II, Limited Partnership v. Rossi,* 823 A.2d 296, 298 (R.I. 2003) (quoting *Wachsberger v. Pepper,* 583 A.2d 77, 78 (R.I.1990)).

In the case before us, we are mindful that defendant did not object to plaintiff's motion to amend the complaint. Consequently, the amended complaint properly was allowed by rule of court. The fact that plaintiff's attorney did not proffer an order granting the motion to amend the complaint is of no moment to this appeal. In the absence of a timely objection, a motion to amend a complaint is granted by rule of court; it is not governed by the provisions of Rule 58 of the Superior Court Rules of Civil Procedure that pertain to entry of judgment.[6] A decision granting a motion to amend a complaint is neither a verdict nor a decision by the court awarding a sum certain, nor a decision by the court granting other relief. Thus, defendant's contention that an order should have been entered in this case is without merit.

Additionally, defendant argues that the judgment should have been vacated because plaintiff failed to file the amended complaint with the Superior Court and serve defendant a copy, as well. We reject this contention. As the motion justice held, an amended complaint need be filed and served only once. In *Grieco v. Perry,* 697 A.2d 1108 (R.I.1997), this Court was called upon to review the efficacy of a second amended complaint where the first amended pleading was not served on the opposing party. We observed that "the first amended complaint was no longer an active pleading in the action" and the second amended complaint was the controlling pleading. *Id.* at 1109. Thus, for an amended complaint to be operative, a party need not refile the pleading after leave to amend the original complaint is granted. We have held that "the filing of an amended complaint supersedes for many purposes the original complaint." *Hall v. Insurance Co. of North America,* 666 A.2d 805, 806 (R.I.1995).

We are satisfied that an amended complaint filed with an accompanying motion to amend the original complaint is the legally operative document. This Court has acknowledged that "there is nothing in our Rules of Civil Procedure * * * that supports the proposition that an amended complaint only supersedes an original complaint after it has been served on [the opposing party]." *Grieco,* 697 A.2d at 1110. Here, it is an undisputed fact that the defendant's attorney of record was

**6.** As Rule 58 of the Superior Court Rules of Civil Procedure states in pertinent part:

"(a) *After Trial or Hearing.* Subject to the provisions of Rule 54(b):

(1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it.

"* * *

"(c) *Upon Order of Supreme Court.* The clerk shall enter any judgment specifically directed by the Supreme Court."

served by mail with the amended complaint on January 3, 2003, in compliance with the notice requirements of Rule 5(b)(2)(B) of the Superior Court Rules of Civil Procedure. Standing alone, this service satisfies the notice standards of Rule 5.

Because we deem the defendant's remaining arguments without merit, we decline to address them. Accordingly, we affirm the Superior Court's denial of the defendant's motion to vacate a judgment, and we remand the papers to the Superior Court.