**KRAUSS et al. v. WEST.**

No. 3777.

Court of Civil Appeals of Texas. El Paso. Dec. 22, 1938.

Rehearing Denied Jan. 26, 1939.

E. T. Yates, of Brownsville, for appellants.

J. E. Leslie, of McAllen, for appellee.

WALTHALL, Justice.

We adopt the statement of the nature and result of the suit made by appellant as being substantially sufficient, with a brief additional statement suggested by appellee.

On June 15, 1928, Isabel L. Cornell executed a deed of trust to Harley E. Jackson, Trustee, for the use and benefit of Ida West, appellee, covering the land in issue in this suit. Said deed of trust was to secure a note of $3,075 of same date, due on or before six months after date, with interest at ten percent per annum. On April 26, 1930, Isabel L. Cornell executed a warranty deed to Mina A. Krauss, which was recorded May 27, 1930, covering the same land, retaining a vendor's lien note for $3,-075, payable twelve months after date, with ten percent interest, said note being payable to Isabel L. Cornell. On the 6th of January, 1931, a judgment was rendered in the 93rd District Court of Hidalgo County in favor of Ida West against Isabel L. Cornell, for $3,606.96, with interest at ten percent and foreclosing the aforementioned deed of trust lien on the property involved in this suit. Appellant was not a party to this suit. The land was never sold under said judgment but on September 26, 1931 a second deed of trust was executed by Isabel L. Cornell to V. A. Ramsower, trustee, for the use and benefit of Ida West, to secure the said Ida West in the payment of a note in the sum of $3720.60, being the amount of the first judgment; said deed of trust being on the same land as the first deed of trust, and the land in issue in this suit. This second deed of trust, of date September 26, 1931, was foreclosed by judgment of the 93rd District Court of Hidalgo County, Texas, upon default of one of the payments. Appellant was not a party to this suit. A constable's deed for this land was made out to Ida West. Previously, on April 26, 1931, Mina A. Krauss had paid Isabel L. Cornell the vendor's lien note on this land, dated April 26, 1930, as shown by endorsements on back of said note, signed by Isabel L. Cornell. Ida West sued Isabel L. Cornell,

Jules Krauss and Mina A. Krauss in trespass to try title. Plaintiff's first amended original petition was filed February 14, 1938 and supplemental petition on same date. Mina A. Krauss and Jules Krauss filed answer February 7, 1938, and also filed a cross-action for title to the land and damages, and pleaded the three year statute of limitation. Isabel L. Cornell simply filed an answer admitting the material allegations of plaintiff's original petition, and adopting plaintiff's prayer. The case was tried February 14, 1938, before the court without a jury, and judgment was rendered March 4, 1938 that Ida West recover the land sued for and that defendants take nothing, and that all demurrers and special exceptions urged by either of the parties be overruled.

Plaintiff also alleged, as suggested by appellee, that defendants Jules Krauss and Mina Krauss are claiming some interest in the land involved in the suit by virtue of the deed referred to of date April 26, 1930, and recorded in the deed records of Hidalgo County, stating the volume and page of the record, and that any interest, if any they have, which is not admitted but denied, is derived through said deed of April 26, 1930. Plaintiff alleges as to said deed that it was never executed by defendant Isabel L. Cornell to her co-defendants (Mina Krauss and Jules Krauss) with the intention of passing a present interest or title to the premises described to the grantees, but was executed on the condition that the deed should become effective only in the event that the grantees could induce the plaintiff (Ida West) to accept the note described in the deed in lieu of a certain note then owing to plaintiff by Isabel L. Cornell, and secured by a deed of trust lien on the premises mentioned, and that such conveyance was accepted by the grantees with the understanding that the deed was not to become effective as a conveyance unless the grantees should induce plaintiff to accept the notes described in the deed in lieu of the note held by plaintiff against Isabel L. Cornell.

Plaintiff alleges that said notes were never accepted in exchange; that Mina Krauss and Jules Krauss never paid the purchase money notes described in the deed and never claimed any interest in the land under said deed until this suit was filed; that at the time said deed was executed plaintiff had obtained a judgment on her note against Isabel L. Cornell with foreclosure of the deed of trust securing same. The land was not sold under said judgment, but was sold under the second deed of trust of date September 26, 1931, as described in appellant's statement as above.

## Opinion.

For the purpose of this suit Isabel L. Cornell is the common source of title to the land involved between appellee and appellants.

Appellee sued in trespass to try title to the land involved in the suit. Appellants pleaded not guilty, and by cross-action sued in trespass to try title to the same land. The court overruled appellants' general demurrer and all special exceptions and rendered judgment in favor of appellee in her suit, and adjudged and decreed that appellants take nothing by their cross-action, and that the deed executed by Isabel L. Cornell to Mina A. Krauss of date April 26, 1930, be cancelled and held for naught, and that any cloud cast on appellee's title by reason of the deed and its record is cancelled.

The court made no findings of fact and conclusions of law.

Appellants submit that appellee could not recover judgment against them for title to the land cancelling their deed and removing cloud from her title, for the reason that the deed from Isabel L. Cornell to them was executed and recorded before the constable's deed to appellee under which appellee claims title, and because appellee was not a party to that contract, was not in privity with it, and the contract was not made for her benefit.

Appellants apparently invoke the general rule that no person can sue upon a contract except he be a party to or in privity with it, and where such contract was made for the benefit of the party claiming under it, and as made for him and for his benefit. Such was the case of House v. Houston Waterworks Company, 88 Tex. 233, 31 S.W. 179, 28 L.R.A. 532, referred to by appellants in support of their proposition. But it is quite clear that appellee was not suing to recover title under the deed or contract of sale of the land made by Isabel L. Cornell to appellants; but quite to the contrary. Appellee's suit was in trespass to try title and in part to cancel that deed or contract of sale, for the reasons set out in the foregoing statement and pleaded by ap-

pellee, as void and as casting a cloud upon her title.

The record shows that Isabel L. Cornell executed two deeds of trust on the land in controversy to secure her indebtedness to appellee. The first trust deed was executed on June 15, 1928 to secure a note in the sum of $3075. Appellee obtained a judgment on that indebtedness in the District Court of Hidalgo County with an order foreclosing that deed of trust. No sale was made under that judgment. The second deed of trust given in renewal of the previous note was executed on September 26, 1931, to secure a note payable in monthly installments, the note aggregating the sum of $3720; the note having an accelerating clause authorizing the maturity of the note on failure to pay any installment, and on failure to pay an installment appellee declared the note due and had the land sold under the order of sale given in the judgment above stated. At the constable's sale of the land under the order of sale given in the judgment as above stated appellee became the purchaser and holds her title under the constable's deed. We might say here that appellee alleges in her brief that she and Isabel L. Cornell agreed that appellee's acceptance of the renewal note should not affect or impair her judgment debt and her previous deed of trust lien on the land, but that same should be kept in full force and effect; that the renewal note expressly provides that if default was made in the payment of any monthly installment appellee could declare the note due and proceed to collect on the note as provided in the judgment; that is, meaning that the land may be sold under the order of sale, as was done. The record before us of the note provides that a failure to pay matures the note at the option of the holder, "and it shall at once become due and payable and subject to foreclosure under said deed of trust," evidently meaning and referring to the deed of trust given to secure that note.

We have concluded that when appellee brought suit on the first note and secured a judgment thereon foreclosing the deed of trust lien on the property, her note and deed of trust lien were merged into the first judgment; appellee then had instead a judgment and an order of sale of the property. When appellee accepted the new note and the new deed of trust the judgment was thereby paid, and the judgment debt was likewise merged into the new note secured by the new deed of trust. When Isabel L. Cornell defaulted in the payment of the installment of the new note appellee's remedy was then a new suit on the new note and a foreclosure of the deed of trust on the property given to secure the note. This second deed of trust was foreclosed by judgment of the District Court of Hidalgo County upon default in the payment of installments of the note; an order of sale of the land was issued; the land was sold thereunder by the constable to appellee, the highest bidder, and the constable's deed was executed to appellee; that deed constituted appellee's title.

We must presume, in the absence of any showing to the contrary, that the evidence was sufficient as to the material facts necessary to support the judgment.

Finding no reversible error, the case is affirmed.