# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00676-CV

**Herndon Y. Robinson, Appellant**

**v.**

**Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
## NO. GN302858, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

Appellant Herndon Y. Robinson appeals from the trial court's granting of summary judgment in favor of appellee Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. We affirm the trial court's judgment.

In 2000, Robinson took out a mortgage loan from Union Planters Bank to buy a house that he proceeded to use as his homestead. The original mortgage was for $450,300. In 2001, Robinson filled out a "Uniform Residential Loan Application," seeking a $570,400 loan to refinance the mortgage and pay for a $89,528 builder's and mechanic's lien held by TDG Remodeling against the property. He also signed an "Affidavit and Agreement" stating that he was borrowing $570,400 from Southwest Equities to "refinance outstanding debt against the Property" and an adjustable rate note stating that he "promise[d] to pay" $570,400 to the lender, Southwest Equities, over a thirty-year term and agreeing to make payments of $5,111.36 per month until 2004, when the interest rate

could change. The loan was secured by a deed of trust executed by Robinson in favor of Southwest Equities' trustee. The deed states that the loan proceeds used to pay off outstanding liens against the property were advanced at Robinson's request, that Robinson had represented that the prior loans were secured by valid liens against the property, and that Southwest Equities "shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment."

Paragraph 27 of the deed of trust provides:

> The Note is in renewal and extension, but not in extinguishment, of the indebtedness described on the attached Renewal and Extension Exhibit which is incorporated by reference. Lender is expressly subrogated to all rights, liens and remedies securing the original holder of a note evidencing Borrower's indebtedness and the original liens securing the indebtedness are renewed and extended to the date of maturity of the Note in renewal and extension of the indebtedness.

Although Robinson executed a Renewal and Extension Rider at the loan closing, the rider was never completed and was not attached to the deed; Southwest Equities did not fill in the section following this statement: "The Note secured hereby is in renewal and extension but not in extinguishment of that indebtedness, whether one or more, described as follows." Southwest Equities assigned the loan to Banker's Trust Company, and Saxon Mortgage is the servicer for the loan.

In August 2003, Robinson filed a petition for declaratory judgment and to quiet title. Robinson asserted that because the deed of trust did not attach the renewal rider as an exhibit or describe the debts being renewed, the "loan does not constitute the refinance of a lien against a

2

homestead." In other words, he argued that the deed of trust is null and void because on its face it does not provide enough information to determine whether it is constitutionally valid.

Saxon Mortgage moved for summary judgment, asserting that it was entitled to judgment as a matter of law because (1) the loan was constitutional and satisfied the legal requirements for refinancing a mortgage; (2) Saxon Mortgage had contractual subrogation rights to the two earlier liens that were paid by the 2001 loan from Southwest Equities; (3) it was entitled to equitable subrogation because Southwest Equities paid $570,400 to Robinson's original mortgage lender and mechanic's lien holder; (4) Robinson should not be allowed to seek cancellation of the loan and still retain the benefits of it; (5) there was a mutual mistake in the loan paperwork because the renewal rider was mistakenly left blank and omitted from the deed of trust; and (6) Robinson represented at the loan closing that "the loan was for purposes of refinancing existing liens" against his homestead and, thus, was estopped from claiming the loan transaction was not a home-refinancing permitted under the constitution. Saxon Mortgage asked that the trial court grant summary judgment denying all relief requested by Robinson. The trial court signed a final judgment granting Saxon Mortgage's motion for summary judgment and declaring that Robinson should take nothing in his suit. On appeal, Robinson argues that the lien created by the deed of trust is unconstitutional because the deed of trust does not show what loans were renewed and extended; neither contractual nor equitable subrogation can be a valid basis for a homestead lien under article XVI, subsection 50(a)(4) of the Texas Constitution; and estoppel, mutual mistake, and the retention-of-benefits rule are rules of equity and cannot be used to create a constitutionally valid lien.

Under the Texas Constitution, a homestead is protected from forced sale for debts except for certain types of debt, including purchase-money loans, work done on the property (a

"mechanic's lien"), home-equity loans, reverse mortgages, or "the refinance of a lien against a homestead." Tex. Const. art. XVI, § 50(a). Although subsection 50(a) sets out very detailed provisions related to home-equity loans and reverse mortgages, it does not provide specifics related to refinancing loans. *Compare id*. § 50(a)(6), (g), (k)-(p), (t), *with id*. § 50(a)(4), (e), (f).

The interpretation of a deed of trust is governed by the same rules applied to contracts. *Starcrest Trust v. Berry*, 926 S.W.2d 343, 351-52 (Tex. App.—Austin 1996, no writ) (quoting *Sonny Arnold, Inc. v. Sentry Sav. Ass'n*, 633 S.W.2d 811, 815 (Tex. 1982)). Further, a deed of trust is construed along with the note it is intended to secure. *Id*. at 352 (quoting *Chapa v. Herbster*, 653 S.W.2d 594, 600 (Tex. App.—Tyler 1983, no writ)); *see Braniff Inv. Co. v. Robertson*, 81 S.W.2d 45, 50 (Tex. 1935) ("[O]ne of the notes carries express notice on its face that it is part of a loan transaction, each note referring to the other, and the deed of trust to both; and the contract consisting of all, speaks to the borrower or any holder of the notes, as through one instrument, the meaning of all their stipulations."). A contract between two parties will "operate to be and become what the parties intended if not inhibited for reasons of law." *Hancock v. Sammons*, 267 S.W.2d 252, 256 (Tex. Civ. App.—Fort Worth 1954, writ ref'd n.r.e.).

In its motion for summary judgment, Saxon Mortgage asserted that the loan and deed of trust were constitutionally sound despite the omission of the renewal and extension rider. Alternatively, Saxon Mortgage argued that if the deed of trust was determined to be constitutionally flawed, it was entitled to a lien against the property under principles of equitable or contractual subrogation or the retention-of-benefits rule. Saxon Mortgage also argued in the alternative that there was a mutual mistake in the formation of the deed and that Robinson should be estopped from attacking the refinancing transaction.

4

Although the deed of trust refers to a rider that was not completed or attached, the note and Robinson's loan application both refer to the debts that were paid by the Southwest Equities loan and secured by the deed of trust. There is no dispute that both Robinson and Southwest Equities intended the Southwest Equities loan to refinance and pay off the original purchase money loan, as well as the home-improvement debt secured by the mechanic's lien, and that both parties intended to execute documents to properly secure the new loan with the deed of trust. Robinson is correct that documents are generally construed against the party that prepared them. *See, e.g.*, *Oat Note, Inc. v. Ampro Equities, Inc.*, 141 S.W.3d 274, 281 (Tex. App.—Austin 2004, no pet.). However, in so construing documents, we must do it "in such a manner as to reach a reasonable result consistent with the apparent intent of the parties." *Id*. In this case, there is no question about the intention of the parties, and we need not view the deed of trust in isolation from the other documents comprising the mortgage transaction. The transaction consisted of the deed of trust, the note, and the loan application, and we may consider all of those documents in our review. *See Braniff Inv. Co.*, 81 S.W.2d at 50; *Berry*, 926 S.W.2d at 352. This loan transaction, which unambiguously shows the agreement between the parties, meets constitutional requirements for a lien against a homestead. *See* Tex. Const. art. XVI, § 50(a)(4).

Robinson does not contend that the loan itself was constitutionally barred or that Southwest Equities did not pay off his purchase money and home-improvement loans. He contends instead that he should be excused from complying with the terms of the Southwest Equities note and that Saxon Mortgage may not exercise its rights to foreclose on the mortgage following his default. We recognize the importance of the constitutional rights involved in homestead protections. However, Robinson may not rely on this minor technical defect in a single loan document to avoid

5

his contractual obligations under a loan transaction where he has received the proceeds of the loan and secured the debt with a constitutionally valid lien on his homestead.[1]  Saxon Mortgage established as a matter of law that Southwest Equities refinanced the original purchase-money debt, extended and renewed the purchase-money lien on that debt, and paid off the home-improvement loan, and that the deed of trust was intended by the parties to secure the Southwest Equities loan. We hold that the loan documents are unambiguous and that the deed of trust creates a constitutionally valid lien.  We therefore overrule Robinson's issues on appeal and affirm the trial court's granting of summary judgment in Saxon Mortgage's favor.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Waldrop

Affirmed

Filed:  August 1, 2007

---

[1] As support for his arguments, Robinson points to *Cocke v. Conquest*, in which the supreme court stated that the "exemption from forced sale of a homestead is founded upon public policy, and must be upheld and enforced . . . and has been scarcely without an exception by the courts of this state, notwithstanding the fact that in doing so they sometimes directly assist a dishonest debtor in wrongfully defeating his creditor."  35 S.W.2d 673, 678 (Tex. 1931).  However, *Cocke* concerned a judgment creditor's attempts to place a judgment lien on homestead property.  *Id*. at 674.  It did not involve a purchase-money or other constitutionally approved lien against homestead property.