**Affirmed in Part, Reversed and Rendered in Part, and Memorandum Opinion filed December 15, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00949-CV

---

### AMY POWELL, Appellant

### V.

### CIT BANK, N.A., F/K/A/ ONEWEST BANK, N.A., F/K/A ONEWEST BANK FSB, Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2013-44752**

---

## MEMORANDUM OPINION

This appeal arises out of a dispute between a property owner and a bank seeking to foreclose its lien on the property. The bank's assignor acquired the lien in a reverse-mortgage transaction. The borrower later died. After his death, the property was transferred. The property owner asserted that the statute of limitations barred the bank's foreclosure action. We must determine whether the trial court erred in granting declaratory relief that the bank is entitled to foreclose

based on a theory that the bank abandoned its purported acceleration of the promissory note, thereby resetting the accrual date for the claim. We conclude that the trial court erred in granting declaratory relief because the claim accrued when all outstanding principal, accrued interest, and other charges became immediately due and payable upon the borrower's death, without any ability of the creditor to accelerate the debt. We reverse the portion of the trial court's judgment granting declaratory relief, render judgment denying the bank's requests for declaratory judgment, and affirm the remainder of the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Patricia Siegel conveyed her interest in real property located at 11919 Cypress Park Drive, Houston, Texas (the "Property") to her husband, Irving Siegel, in July 2005, through a warranty deed. Irving obtained a reverse-mortgage loan in the amount of $273,079.50 from Financial Freedom Senior Funding Corporation ("Loan"). In connection with the Loan, Irving executed a promissory note in that amount ("Note"), secured by a Deed of Trust in which he granted a lien against the Property to Financial Freedom as security for repayment of the Note. Financial Freedom assigned the Note and Deed of Trust to appellee/defendant CIT Bank N.A., f/k/a OneWest Bank, N.A., f/k/a OneWest Bank, FSB ("CIT Bank"). Irving died in May 2008. Under the Note and Deed of Trust, all outstanding principal, accrued interest, and other charges became immediately due and payable when Irving died.

Upon Irving's death in May 2008, title to the Property vested in his wife Patricia. Several months later, in September 2008, Financial Freedom sent a notice to Irving's estate, stating, that the entire amount of the debt was due and payable because of Irving's death. The debt was not paid. In February 2009, Financial Freedom sent a letter to Irving's estate stating its intention to foreclose its lien on

2

the Property. Over a year later, Patricia deeded her interest in the Property to appellant/plaintiff Amy Powell. Powell has not paid any entity any amount owing on the Note, nor has she paid taxes on the Property or insured the Property at any time.

CIT Bank filed suit against Powell in June 2011, seeking a declaratory judgment to reform the legal description in the Deed of Trust due to mutual mistake and to divest Irving's estate and his heirs of right, title, and interest in the Property. Powell filed a counterclaim against CIT Bank. Nearly two years later, in May 2013, CIT Bank and Powell signed a mutual motion for nonsuit. In it, CIT Bank states that it "no longer desires to pursue its claims," and Powell states that Powell "no longer desires to pursue her claims for affirmative relief" against CIT Bank. A few months later, in July 2013, Powell filed suit against CIT Bank seeking to enjoin CIT Bank from foreclosing on the Property in the future. CIT Bank filed a counterclaim, seeking a declaratory judgment that:

(1) the Loan is a valid and enforceable contract,

(2) CIT Bank performed all of its obligations under the Loan,

(3) Powell and/or her predecessor in title failed to perform all of her obligations under the Loan,

(4) Powell's failure to pay the taxes and insurance on the Property constitutes a material breach of the terms of the Loan,

(5) Powell has not discharged the total balance of the Loan,

(6) CIT Bank is entitled to foreclose the Deed of Trust and sell the Property at a non-judicial foreclosure sale upon providing proper notice, and

(7) upon foreclosure, CIT Bank is entitled to possession of the Property within thirty days after the sale if CIT Bank purchases the Property.

In the alternative, CIT Bank sought judicial foreclosure and a writ of possession, or recovery for quantum meruit.

3

Following a bench trial, the trial court signed a judgment in which the court made the following declarations:

(1) The Note and Deed of Trust are valid and enforceable instruments.

(2) The Note and Deed of Trust are in default, both due to the death of Irving Siegel and the nonpayment of taxes and insurance for each of the years from 2009 through 2015.

(3) CIT Bank is the current servicer of the Loan.

(4) CIT Bank is the current mortgagee of the Deed of Trust.

(5) CIT Bank is entitled to proceed with foreclosure through any process permitted by Texas law.

(6) CIT Bank has standing to proceed for foreclosure both as the mortgagee of the Deed of Trust and as the servicer of the Loan.

(7) CIT Bank's right to foreclose is not barred by the statute of limitations nor otherwise constrained by any other defense under law or equity.

In addition to granting CIT Bank declaratory relief, the trial court ruled that Powell take nothing on her request for permanent injunctive relief. The trial court dismissed as moot CIT Bank's alternative requests for judicial foreclosure or quantum meruit.[1]

## ISSUES AND ANALYSIS

Powell does not specifically address which rulings she is challenging on appeal. She argues that the trial court erred in concluding that CIT Bank's potential future foreclosure claim is not time-barred. According to Powell, the statute of limitations bars the foreclosure claim. Liberally construing Powell's appellate brief, we conclude Powell is attacking the trial court's granting of declaratory relief. But, even if Powell's argument also could be construed as an

---

[1] CIT Bank pled claims for judicial foreclosure and quantum meruit as alternatives to its request for a declaratory judgment. On appeal, CIT Bank does not challenge the trial court's dismissal of its alternative claims.

4

attack on the trial court's denial of Powell's request for a permanent injunction, we conclude Powell cannot prevail on this point.

### Permanent Injunction

A permanent injunction is appropriate if evidence shows: (1) the existence of a wrongful act; (2) the existence of imminent harm; (3) the existence of irreparable injury; and (4) the absence of an adequate remedy at law. *See Wiese v. Healthlake Comm'n Ass'n, Inc.*, 384 S.W.3d 395, 399 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Powell has not addressed any of these elements, nor has Powell cited any legal authority in support of the proposition that the trial court abused its discretion in denying her request for a permanent injunction. By failing to articulate any argument in this regard, Powell has waived any complaint as to the trial court's denial of her request for a permanent injunction.[2] *See San Saba Energy, L.P.*, 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Accordingly, to the extent Powell asserts a challenge to the permanent injunction, we overrule it.

### Declaratory Judgment

We review declaratory judgments under the same standards as other judgments. *See Van Dam v. Lewis*, 307 S.W.3d 336, 339 (Tex. App.—San Antonio 2009, no pet.). Likewise, we employ the same rules for interpreting a note that we use to interpret a contract. *Financial Freedom Sr. Funding Corp. v. Horrocks*, 294 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In construing contracts, our primary concern is to ascertain and give effect to the intentions of the parties as expressed in the contract. *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1989). To ascertain the parties'

---

[2] Having concluded Powell did not sufficiently brief an attack on the trial court's denial of her request for a permanent injunction, we need not address CIT Bank's arguments that granting Powell a permanent injunction would be inequitable.

intentions, we examine the entire agreement in an effort to harmonize and give effect to all provisions of the contract so that none will be rendered meaningless. *MCI Telecomms. Corp. v. Tex. Utilis. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999). We give contract terms their plain, ordinary, and generally accepted meanings unless the contract itself shows them to be used in a technical or different sense. *Horrocks*, 294 S.W.3d at 753.

*Accrual of Claim and Statute of Limitations*

A person must bring suit for the recovery of real property under a real-property lien or the foreclosure of a real-property lien not later than four years after the day the claim accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a) (West, Westlaw through 2015 R.S.). A sale of real property under a power of sale in a mortgage or deed of trust that creates a real-property lien must be made not later than four years after the day the claim accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(b) (West, Westlaw through 2015 R.S.); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001). When the four-year limitations period expires, the real-property lien and the power of sale to enforce the lien become void. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(d) (West, Westlaw through 2015 R.S.); *Holy Cross*, 44 S.W.3d at 567. Generally, if a note secured by a real-property lien is payable in installments, the statute of limitations does not begin to run, until the maturity date of the last installment. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(e) (West, Westlaw through 2015 R.S.); *Holy Cross*, 44 S.W.3d at 566. If a note or deed of trust contains an optional acceleration clause, the claim accrues when the holder actually exercises its option to accelerate. Tex. Civ. Prac. & Rem. Code Ann. §16.035(e); *Holy Cross*, 44 S.W.3d at 566.

Powell asserts that the limitations period began to run on May 8, 2008, the date Irving died, and ended four years later on May 8, 2012. Paragraph three of the

Note, entitled "Payment," provides: "I will pay principal and interest when an event described in Section 7 occurs." The Note provides in section 7(A) that, "All outstanding principal, accrued interest, and other charges shall be immediately due and payable if (i) all Borrowers die, or (ii) the Property is sold or otherwise transferred." Section 7(G) provides that if an event described by section 7(A) occurs, "the Note Holder will send me a written notice, as required by applicable law, telling me that I am required to pay immediately the full amount of principal, interest, and other charges I owe under this Note." The Deed of Trust provides that "[a]ll sums secured by this Security Instrument shall be immediately due and payable if . . . all Borrowers die."

Under the unambiguous language of the non-recourse, reverse-mortgage Note, no payments are due until an event described in section 7 occurs, and when such an event occurs, all outstanding principal, accrued interest, and other charges become immediately due and payable. Thus, the Note does not provide for installment payments whose maturity date may be accelerated. Neither the Note nor the Deed of Trust contains a clause giving the creditor the option of accelerating the indebtedness in the event that the sole borrower dies. Instead, under the plain terms of the Note and the Deed of Trust, all outstanding principal, accrued interest, and other charges under the Note and all sums secured by the Deed of Trust became immediately due and payable on May 8, 2008, when Irving — the only borrower under the Note — died. *See Horrocks*, 294 S.W.3d at 754 (noting that case involving note with acceleration clause was not on point because the reverse-mortgage notes at issue in *Horrocks* did not provide for repayment through periodic installments or for acceleration in the event of default). As Financial Freedom stated in the September 4, 2008 notice that it sent to the Estate of Irving Siegel, "[u]pon the occurrence of a maturity event, of which the

7

borrower's passing is one, the loan becomes due and payable."

The trial evidence proved as a matter of law that the claim for foreclosure of the lien in the Property under the Deed of Trust and the claim for sale of the Property under the power of sale in the Deed of Trust accrued on May 8, 2008, when Irving died, more than four years before Powell filed this suit and CIT Bank filed its counterclaim.[3] *See Horrocks*, 294 S.W.3d at 754 (holding that the creditor's claim to enforce the deed-of-trust lien created in a reverse-mortgage transaction accrued when one or more of the conditions listed in the note occurred).

*Alleged Abandonment of Acceleration*

CIT Bank filed its first suit within the statute of limitations. But, CIT Bank nonsuited. Powell then filed a lawsuit in July 2013, more than four years after the statute of limitations began running. CIT Bank did not file its answer and counterclaim in that suit until September 2015. CIT Bank asserts that the statute of limitations was tolled because CIT Bank abandoned its acceleration of the Note. As discussed above, all outstanding principal, accrued interest, and other charges under the Note and all sums secured by the Deed of Trust became immediately due and payable on May 8, 2008, and neither CIT Bank nor any of its predecessors in interest had the option of accelerating the indebtedness in the event that the sole borrower died. Because CIT Bank and its predecessors could not accelerate the Note, nor could CIT Bank or its predecessors abandon an acceleration of the Note,

---

[3] In an attempt to satisfy the requirements of article XVI, section 50(a)(7) of the Texas Constitution, the drafters of the Note included a provision that if the sole borrower dies, the holder of the Note is required to send a written notice that the full amount of principal, accrued interest, and other charges under the Note have come immediately due and payable. *See* Tex. Const. art. XVI, § 50(a)(7). Though the four-year limitations period to enforce the lien began running on May 8, 2008, rather than on the date of this notice, Financial Freedom sent this notice on September 4, 2008, more than four years before this lawsuit was filed in the trial court.

the trial evidence proved as a matter of law that the claim for foreclosure of the lien in the Property under the Deed of Trust and the claim for sale of the Property under the power of sale in the Deed of Trust accrued on May 8, 2008, more than four years before Powell filed this suit and CIT Bank filed its counterclaim. *See id*. Because the four-year limitations period expired, the real-property lien and the power of sale to enforce the lien became unenforceable. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(d). And, because CIT Bank's power to enforce the lien is unenforceable, the trial court erred in granting CIT Bank declaratory relief.

## CONCLUSION

CIT Bank's claim accrued on the date Irving died, and the statute of limitations expired four years later. The trial court erred in granting declaratory relief that the accrual date was reset based on a theory that CIT Bank abandoned its acceleration of the promissory note. We sustain Powell's issue challenging the trial court's declarations. We reverse the portion of the trial court's judgment granting CIT Bank declaratory relief, render judgment denying CIT Bank's requests for declaratory relief, and affirm the remainder of the trial court's judgment.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Christopher.