# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10434

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2018

Lyle W. Cayce
Clerk

BRIAN BARTOLOWITS,

> Plaintiff - Appellant

v.

WELLS FARGO BANK, N.A., as Trustee for Option One Mortgage Loan Trust 2007-FXD1, as Trustee of CCC,

> Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4666

Before KING, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Brian Bartolowits failed to pay property taxes on 13.16 acres of land, of which 8.69 acres secured a mortgage owned by Wells Fargo Bank, N.A. ("Wells Fargo").[1] Wells Fargo, through its loan servicer, paid the taxes to protect its security interest and subsequently initiated foreclosure proceedings when Bartolowits did not comply with the repayment plan for the tax payment. Bartolowits sued Wells Fargo, alleging, among other things, breach of contract,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Wells Fargo is being sued in its capacity as Trustee for Option One Mortgage Loan Trust 2007-FXD1, as Trustee of CCC.

No. 17-10434

fraud, and numerous Texas Debt Collection Act ("TDCA") violations, and requesting declaratory relief. The district court granted summary judgment to Wells Fargo and denied Bartolowits's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).[2]   Bartolowits appeals both determinations. For the reasons explained below, we AFFIRM.

## I. Background

Bartolowits owns adjoining land in Johnson County, Texas, totaling 13.16 acres. In 2006, the land was re-platted and Bartolowits executed a home equity loan secured by a deed of trust on 8.69 of those acres, which are his homestead.[3]   The lender, Option One Mortgage Corporation, assigned its interest in the loan to Wells Fargo, effective January 2007, and Specialized Loan Servicing, LLC ("SLS"), serviced the loan on behalf of Wells Fargo.

It is undisputed that Bartolowits failed to pay property taxes for the 13.16 acres. In January 2010, the Joshua Independent School District, Hill County Junior College, and Johnson County (collectively, the "Johnson County taxing authorities") sued Bartolowits to collect several years of delinquent taxes on the 13.16 acres, seeking a personal judgment and a foreclosure on the tax liens to satisfy the unpaid taxes, penalties, interest, and collection costs. Bartolowits answered the petition in February with a general denial of the allegations.

The 13.16 acres had been assigned three different tax identification numbers, dividing the land into two one-acre tracts and one 11.16-acre tract. Prior to the lawsuit, no one had requested that the taxing authorities create a

---

[2] Bartolowits styled his motion as a motion for new trial; however, because there was no trial, the district court construed it as a motion to alter or amend the judgment under Rule 59(e).

[3] The deed of trust initially encumbered the full 13.16 acres, but this was later determined to be a mistake and Option One Mortgage Corporation executed a partial release of the mistakenly encumbered property.

distinct tax identification number for the 8.69 acre homestead.  Thus, although the property securing the home equity loan was threatened with foreclosure, it was not a separately described property in the lawsuit with its own delinquent tax amounts and corresponding tax lien.  That is to say, the taxes owed on the secured and unsecured properties were commingled.  The citation stated that the suit would not be dismissed until the court costs and all of the claims were "paid in full," and Bartolowits testified that he never engaged the Johnson County taxing authorities about a repayment plan.

Around the beginning of June, Wells Fargo, through SLS, paid the court costs, penalty, and remaining taxes and interest on all 13.16 acres (collectively, the "tax payment") to protect its security interest.  As a result, the tax suit was dismissed.  The total tax payment of $34,214.88 was charged to the loan, and Bartolowits was offered a twelve-month repayment plan.  Bartolowits objected to the portion of the tax payment made in satisfaction of delinquent taxes owed on the unencumbered acres.  When Bartolowits failed to make payments in accordance with the repayment plan, SLS sent him a notice of default and intent to accelerate the loan.

Bartolowits failed to cure his default and, on June 11, 2011, Wells Fargo filed an application for an order authorizing foreclosure.  However, the foreclosure application erroneously sought to foreclose on the entire 13.16 acres and was subsequently dismissed.  Wells Fargo filed a second foreclosure application on September 20, 2013, seeking foreclosure only on the 8.69 acres encumbered by the deed of trust.

Bartolowits filed this lawsuit against Wells Fargo on October 24, 2013.  After removal to federal court, the district court granted summary judgment to Wells Fargo on all claims.  It also denied Bartolowits's motion to alter or amend the judgment.  Bartolowits appeals the summary judgment as to his claims for breach of contract, common law fraud, and TDCA violations under

No. 17-10434

Texas Finance Code §§ 392.301(a)(7)–(8), 392.303(a)(2), 392.304(a)(8), (12), and (19), as well as to his request for declaratory relief.  He also appeals the denial of his motion to alter or amend the judgment.

## II. Standard of Review

We review a grant of summary judgment de novo, "applying the same standard as the district court."  *Feist v. La., Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (quoting *Fabela v. Socorro Indep. Sch. Dist.,* 329 F.3d 409, 414 (5th Cir. 2003)).  Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case."  *Id.*  If the moving party meets its burden, the burden shifts to the nonmovant to establish the existence of a genuine issue for trial.  *See id.*  All reasonable inferences are drawn in the light most favorable to the nonmoving party.  *Id.*

The denial of a Rule 59(e) motion is reviewed for abuse of discretion.  *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir. 1997).  "Under that standard, the district court's decision need only be reasonable."  *Id.*

4

No. 17-10434

## III. Discussion

A. Breach of Contract, TDCA Violations, and Declaratory Relief

As to his breach of contract and TDCA claims, Bartolowits primarily argues that the district court erred in determining that the deed of trust authorized Wells Fargo to make the tax payment on unsecured property, charge that payment to the loan, and then seek foreclosure for failing to repay the tax payment. "Under Texas law, a deed of trust is interpreted using the same rules as those applied to contracts." *Sturges v. Suntrust Mortg., Inc.*, 539 F. App'x 580, 582 (5th Cir. 2013) (per curiam) (citing *Fin. Freedom Sr. Funding Corp. v. Horrocks,* 294 S.W.3d 749, 753 (Tex. App.—Houston [14th Dist.] 2009, no pet.)). We hold that the district court properly interpreted the deed of trust.

The deed of trust provided that if Bartolowits failed to pay taxes on the encumbered 8.69 acres or there was a "legal proceeding that may significantly affect [Wells Fargo's] rights" in the 8.69 acres, then Wells Fargo "may do and pay for whatever is necessary to protect the value of the [8.69 acres] and [Wells Fargo's] rights in [it]." Furthermore, any such payments "shall become additional debt of [Bartolowits] secured by [the deed of trust]," and Wells Fargo's "default remedies shall include the most expeditious means of foreclosure available by law."

Bartolowits maintains that the tax payment was not "necessary" as required by the deed of trust. We disagree. Wells Fargo's security interest was threatened by a tax lien and foreclosure suit that commingled both the secured and unsecured property, and the Johnson County taxing authorities said they would not dismiss the suit unless the tax payment was made. Over three months after Bartolowits denied the allegations, he had still made no attempt to work out a repayment plan with the Johnson County taxing authorities. It was at this juncture that Wells Fargo made the tax payment.

5

Bartolowits suggests that Wells Fargo should have waited longer before making the tax payment.  The deed of trust does not require Wells Fargo to wait and see whether Bartolowits will eventually protect its security interest in the midst of a foreclosure proceeding.  Indeed, it is quite the opposite.  The deed of trust authorizes Wells Fargo to pay whatever is necessary to protect its security interest whenever a legal proceeding "may significantly affect" its rights in that interest.  *See, e.g., Sturges*, 539 F. App'x at 583 ("Section Nine applies, *inter alia,* where 'there is a legal proceeding that might significantly affect Lender's interest in the rights under this Security Instrument.'  The tax suit clearly fits under that umbrella.").  Bartolowits's statements about what might have happened had Wells Fargo not made the tax payment are pure speculation and thus cannot preclude summary judgment.  *See Simmons v. Willcox*, 911 F.2d 1077, 1082 (5th Cir. 1990) ("[S]peculative allegations . . . are insufficient to create a genuine issue of material fact precluding summary judgment."); *cf. EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 471 (5th Cir. 2009) ("Any discussion of the accommodations that might have been provided or denied is mere speculation.").

There is also no evidence indicating that Wells Fargo could have protected its interest by negotiating a payment tailored specifically to the 8.69 acres.  Even if Wells Fargo could have determined the correct amount to pay for the 8.69 acres, there is no evidence that the Johnson County taxing authorities would have applied that partial amount to Wells Fargo's security interest and partially dismissed the suit.  To the contrary, the citation issued to Bartolowits indicated that the full tax payment needed to be paid in order for Wells Fargo to protect its security interest.  Though there is evidence that the 8.69 acres was assigned an independent tax number *after* the tax payment was made and the lawsuit was dismissed, this does not indicate that the Johnson County taxing authorities would have agreed to this change while the

lawsuit was active and then applied it retroactively for the years Bartolowits failed to pay his taxes.  Under these circumstances, whether we interpret the term "necessary" as requiring an objective or subjective standard, Wells Fargo was authorized by the deed of trust to make the tax payment.  The tax payment was, therefore, properly charged to the loan and any subsequent default on the repayment was subject to foreclosure as detailed in the deed of trust.

Bartolowits also argues that making the tax payment and charging it to the loan is prohibited by Texas case law, the Texas Constitution and Texas public policy.  However, because these arguments were raised for the first time in Bartolowits's motion to alter or amend the judgment and the district court never considered them on the merits, they are waived.  *See U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014)*; see also Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 117 n.4 (5th Cir. 2010) (per curiam) ("A legal argument not raised in opposition to summary judgment but improperly raised for the first time in a Rule 59(e) motion is still waived because such an argument was never properly before the district court."); *cf. Am. Elec. Power Co. v. Affiliated FM Ins. Co.,* 556 F.3d 282, 287 (5th Cir. 2009) ("Because the district court considered the merits of the Rule 59(e) motion and still granted summary judgment, we review the . . . issue under the familiar summary-judgment standard of *de novo*.").

Accordingly, we affirm the district court's judgment as to (1) the TDCA claims under §§ 392.303(a)(2),[4] 392.304(a)(8), (12), and (19), and (2) the breach

---

[4] Bartolowits also suggests, in a conclusory fashion, that Wells Fargo violated § 392.303(a)(2) because it unjustifiably refused to reinstate the loan with only partial repayment and failed to provide notice prior to seeking foreclosure.  These two arguments are abandoned due to inadequate briefing.  *See SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 778 n.7 (5th Cir. 2017).

of contract claim premised on making the tax payment and charging it to the loan.[5]

We also affirm the district court's determination that Wells Fargo was not required to provide any notice prior to making the tax payment. The district court correctly determined that the deed of trust merely gave Wells Fargo discretion to notify Bartolowits about any potential lien with priority over its security interest. The deed of trust did not, however, require Wells Fargo to provide any notice prior to taking action to "do and pay for whatever is necessary to protect the value of the [8.69 acres] and [Wells Fargo's] rights in [it]." We therefore hold that Wells Fargo did not breach the contract in failing to provide such notice. Moreover, because this is the only issue discussed in relation to Bartolowits's request for declaratory relief, we also affirm the district court's denial of declaratory relief.[6]

The district court granted summary judgment on the remaining TDCA claims, § 392.301(a)(7)–(8), based on the TDCA's two-year statute of limitations. Bartolowits argues that the district court erred in determining that these two claims were premised only on the first foreclosure suit that was filed on June 11, 2011. However, in Bartolowits's response to Wells Fargo's summary judgment motion, he said that both of these claims "refer to [Wells Fargo's] attempt to take multiple parcels of property, not secured by its [deed of trust] . . . ." The district court correctly concluded that the only time Wells Fargo attempted to take Bartolowits's unsecured property was in the first

---

[5] Though the district court granted summary judgment on the breach of contract claims because it concluded that Bartolowits committed a prior material breach, it effectively determined the merits of those claims when resolving the TDCA claims. Moreover, we can affirm on any grounds supported by the record. *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000).

[6] Any additional breach of contract or declaratory relief arguments are deemed abandoned either because they were not raised on appeal or due to inadequate briefing. *See Life Partners Holdings,* 854 F.3d at 778 n.7; *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 445 (5th Cir. 2000).

foreclosure suit seeking to foreclose on all 13.16 acres. Accordingly, we affirm the district courts grant of summary judgment on the § 392.301(a)(7)–(8) TDCA claims.

B. Fraud

Bartolowits contends that Wells Fargo committed fraud when it filed the initial foreclosure suit in June 2011 because it "misrepresented the amount Bartolowits owed and it[s] security interest in his property to a state court in seeking a foreclosure order." Under Texas law, a plaintiff must show actual and justifiable reliance to establish fraud. *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010) (quoting RESTATEMENT (SECOND) OF TORTS § 531)). Texas courts consider whether, "given a fraud plaintiff's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud[,] it is extremely unlikely that there is actual reliance on the plaintiff's part." *Id.* (alteration in original) (quoting *Haralson v. E.F. Hutton Group, Inc.,* 919 F.2d 1014, 1026 (5th Cir. 1990)). There is no justifiable reliance when the misrepresentations contradict a fact known by the plaintiff. *See Gen. Motors Corp., Pontiac Motor Div. v. Courtesy Pontiac, Inc.*, 538 S.W.2d 3, 6 (Tex. Civ. App.—Tyler 1976, no writ) (holding that there was no justifiable reliance because the plaintiff "knew that the statements attributed to [the defendant] were completely contrary to the requirements outlined in the agreements"). Similarly, "a person may not justifiably rely on a representation if 'there are "red flags" indicating such reliance is unwarranted.'" *Grant Thornton*, 314 S.W.3d at 923 (quoting *Lewis v. Bank of Am. NA,* 343 F.3d 540, 546 (5th Cir. 2003)).

We have already determined that the tax payment was properly charged to the loan; thus, Wells Fargo did not misrepresent the amount owed. Therefore, the only remaining issue is whether Wells Fargo committed fraud by claiming the right to foreclose on unsecured property. According to

Bartolowits, he relied on this misrepresentation by incurring costs to defend the suit.  However, the record shows that Bartolowits could not have justifiably relied on this representation because he knew that Wells Fargo lacked a security interest in some of the property it sought to foreclose upon.  *See Grant Thornton*, 314 S.W.3d at 923; *Gen. Motors Corp.*, 538 S.W.2d at 6.  Because the lawsuit contradicted the deed of trust, Bartolowits generally denied the allegations and notified Wells Fargo of its error in seeking to foreclose on the unsecured property.  Accordingly, we affirm the grant of summary judgment as to the fraud claim.

C. Motion to Alter or Amend the Judgment

Bartolowits argues that the district court abused its discretion in denying the motion to alter or amend the judgment because Texas law prohibited Wells Fargo from making the tax payment on unsecured property and then charging it to the loan secured by the deed of trust.  "Rule 59(e) 'motions cannot be used to raise arguments that could, and should, have been made before the judgment issued.'" *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (per curiam) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Because this argument was made for the first time in the motion to alter or amend judgment, but could have been made prior to entry of judgment, we hold that the district court did not abuse its discretion in denying the motion.

AFFIRMED.